IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| "U.S. BOUNTY #1014, F.B.I. HQ" <br> JEROME JULIUS BROWN, SR. <br><br> Petitioner <br><br> v. <br><br> PRINCE GEORGES COUNTY POLICE <br>   DEPT. <br> ROBERTO HYLTON, <br>   *Chief of Police* <br> CPL. C. WOOD <br><br> Respondents | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *** | CIVIL ACTION NO. L-10-2845 |

## **MEMORANDUM OPINION**

On October 12, 2010, Jerome Julius Brown, Sr. ("Brown") filed a Complaint for $100,000.00 in damages. The action is accompanied by several attachments related to criminal charges filed against him in the District Court for Prince George's County, Maryland and a complaint filed in the United States District Court for the District of Columbia which was dismissed without prejudice on October 16, 2009. Docket No. 1. The Complaint is completely incomprehensible as it consists of several running, disjointed sentences, phrases, and "buzz words" that are nonsensical. The attachments do, however, shed some possible light on Brown's impetus for filing this action. On June 29, 2010, a statement of charges was filed by Prince George's County Police alleging that Brown was found to be in possession of a vehicle that had been reported stolen by the Charles County Sheriff's Office. Id. On June 29, 2010, Prince George's County Commissioner Susan Mason set the bail amount and determined that Brown should not be released on his personal recognizance. Id.

As of the filing of this action Brown is confined at the Springfield State Hospital Center

in Sykesville, Maryland. The state criminal docket shows that the criminal case at issue has been placed on the inactive docket due to his incompetency. See State v. Brown, Case Number 6E00318051 (District Court for Prince George's County).

I.      Background

Plaintiff has filed approximately 96 cases with the Court and is subject to pre-filing restrictions under In re: Jerome J. Brown, Misc. No. 04-465 (D. Md.).[1] His previous actions in the court generally consist of rambling memoranda and indecipherable attachments. This case is no different.

II.     Standard of Review

While pro se actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[2] See Beaudett v. City of Hampton, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. See Fed. R. Civ. P. 8(a). Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell v. Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). The complaint must contain

---

[1] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the Court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the Court, and directs how the Court is to handle/return the papers.

[2] A federal court does not act as an advocate for a pro se claimant. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1996); Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

"enough facts to state a claim to relief that is plausible on its face." Id. at 1794

III. Analysis

To the extent that Brown is seeking federal court review of and intervention into his pending auto theft charges, his action shall be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and shall be dismissed. Unless extraordinary circumstances are present, a federal court must not interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971). Pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. See Dickerson v. Louisiana, 816 F.2d 220, 226-29 (5th Cir. 1987). Brown has not exhausted his state court remedies. In addition, Brown's indecipherable claims do not warrant federal intrusion.

Further, insofar as Brown is seeking to file a civil rights complaint under 42 U.S.C. § 1983 regarding the criminal charges recently filed against him, he is precluded from doing so. Any claim for damages or declaratory relief based on his arrest and detention would be premature unless and until Brown's charges are dismissed with prejudice or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477 (1994). Brown cannot make a showing at this time.

IV. Conclusion

For the aforementioned reasons, the action is hereby dismissed. A separate Order follows. Dated this 25th day of October 2010.

/s/
_____
Benson Everett Legg
United States District Judge